DOMTAR, INC., PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 87–10–01044

(Dated June 6, 1990)

*Spriggs* and *Hollingsworth* (*Paul G. Gaston* and *Koorosh Talieh*) for plaintiff.
*Stuart M. Gerson*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*James A. Curley*) for defendant.

MUSGRAVE, *Judge:* This action challenges the tariff classification of certain paper imported from Canada by plaintiff Domtar, Inc. ("Domtar"). The merchandise at issue consists of two types of paper, Windsor Wove and Kraft Sunglo, which were imported into the United States through various ports in the Northeastern region of this country between January 8, 1986 and May 5, 1988. This motion for partial summary judgment addresses only the former type of paper, which was classified by the U.S. Customs Service ("Customs") under item 252.90 TSUS as "other [paper], not specially provided for."

Domtar claims that classification under this "catch-all" provision constitutes an express reversal of a 1983 Customs internal advice letter that Windsor Wove paper was properly classified under item 252.67 TSUS as "printing paper, not specially provided for." This letter, it is alleged, reaffirmed an established and uniform practice on the part of Customs of classifying Domtar's Windsor Wove paper under item 252.67 TSUS. Because of this established practice, Domtar claims that Customs violated the requirements of 19 U.S.C. § 1315(d)[1] when it issued a Headquarters Ruling Letter in 1987, revoking the prior classification for "printing paper" and subsituting the catch-all provision for "other paper."

In addition, plaintiff asserts that Windsor Wove paper possesses all the commercial attributes of printing paper, namely strength, opacity,

---

[1] (d) Effective date of administrative rulings resulting in higher rates
    No administrative ruling resulting in the imposition of a higher rate of duty or charge than the Secretary of the Treasury shall find to have been applicable to imported merchandise under an established and uniform practice shall be effective with respect to articles entered for consumption or withdrawn from warehouse for consumption prior to the expiration of thirty days after the date of publication in the Federal Register of notice of such ruling * * *

smoothness and ink receptivity, notwithstanding the fact that the primary use of the paper at issue is in the making of commercial envelope's. Because no provision in the TSUS for "envelope paper" exists, Domtar argues that classification under item 252.67 is proper, since the great majority of commercial envelopes are printed on, and the industry regards envelope paper as a sub-category of printing paper.

The government, in opposition, disputes plaintiff's characterization of the material facts, claiming that Windsor Wove paper is regarded in the trade as envelope paper, rather than printing paper. Defendant claims that the physical characteristics of this envelope paper are different from the characteristics of printing paper, and that merely because paper can be printed on does not mandate its classification as "printing paper."

The government also challenges Domtar's assertion that an established and uniform practice of classifying Windsor Wove paper under item 252.67 TSUS existed. The 1983 letter, it is argued, made no reference to any "established and uniform practice" on the part of Customs; rather, defendant argues, it evinced Customs' intent to continue classifying entries of Windsor Wove paper in accordance with a "long line" of past liquidations under item 252.67 TSUS. Thus, the notice provisions of 19 U.S.C. § 1315(d) were not applicable when Customs revoked the 1983 internal advice letter with the 1987 Headquarters Ruling Letter, claims the government.

This brief review of the parties' respective positions clearly demonstrates that the material facts controlling the resolution of this action are in dispute. Because "[a] summary judgment may not issue when material issues of fact requiring trial to resolve are present," *D.L. Auld Co.* v. *Chroma Graphics Corp.*, 714 F.2d 1144, 1146 (Fed. Cir. 1983), plaintiff's motion for partial summary judgment is hereby denied.